UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK




ALEJANDRO BARRAGAN MARTINEZ, *individually and on behalf of others similarly situated*,

Plaintiff,

-v-

DANNYS ATHENS DINER INC., *et al.*,

Defendants.

No. 16-cv-7468 (RJS)
OPINION AND ORDER

RICHARD J. SULLIVAN, District Judge:

On October 23, 2017, trial commenced on Plaintiff's seven causes of action: (1) minimum-wage violations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206; (2) minimum-wage violations under the New York Labor Law ("NYLL") § 652; (3) unpaid overtime under the FLSA, 29 U.S.C. § 207; (4) unpaid overtime under 12 N.Y.C.R.R. § 146-1.4; (5) violations of the spread-of-hours requirement under 12 N.Y.C.R.R. § 146–1.6(a); (6) failure to provide required annual written disclosures in violation of NYLL § 195 (effective Apr. 9, 2011); and (7) failure to provide pay stubs with required disclosures in violation of NYLL § 195(3). At the close of evidence, Plaintiff agreed to dismiss voluntarily his minimum-wage claims. The Court then granted Plaintiff's motion for judgment as a matter of law on all of his other causes of action, except the FLSA overtime claim, for which a jury question remained as to whether Dannys Athens Diner Inc. (doing business as "Danny's Athens Restaurant") had engaged in interstate commerce and whether it had annual sales of more than $500,000 per year during the relevant period. *See* 29 U.S.C. § 203 (setting forth threshold requirements for enterprise coverage). The jury returned a verdict in favor Plaintiff on both of those issues and also found that Defendants' violations of state and federal law were willful.

On November 16, 2017, Plaintiff filed a letter in which he identified an erroneous stipulation of law in the parties' joint proposed pre-trial order as to the method of calculating an employee's regularly hourly rate under the NYLL, the correction of which would result in lower overtime damages for the period from September 23, 2010 through December 31, 2010 but would also support a minimum-wage claim. (Doc. No. 58.) Accordingly, Plaintiff moved to reinstate his NYLL minimum-wage claim for that period. (Doc. Nos. 58, 62.) To address these issues, the Court held a conference on November 29, 2017, at which Defendants did not object to either the new method of calculation or the reinstatement of the minimum-wage claim.

Under Fed. R. Civ. P. 15(b)(2), "[w]hen an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings." Moreover, "[a] party may move—at any time, even after judgment—to amend the pleadings to conform them to the evidence and to raise an unpleaded issue." The law is clear that the "unpleaded issue" may include a cause of action. *Sherwin-Williams Co. v. JB Collision Servs., Inc.*, 186 F. Supp. 3d 1087, 1096–97 (S.D. Cal. 2016) (citing 6A Wright & Miller, Fed. Prac. & Proc. § 1493 (3d ed. 2017)).

Although the Court is skeptical that unpleaded claims, or claims that were pleaded but dismissed, generally can or should be reinstated after a jury verdict, the Court will grant Plaintiff's request in the unique circumstances of this case. First, Defendant does not object to Plaintiff's request, which largely redounds to Defendant's benefit. Second, the evidence relating to Plaintiff's minimum wage claim was fully developed in discovery and thoroughly presented to the jury at trial. Based on that evidence, no reasonable juror could have found that Plaintiff was paid the minimum wage for the relevant period, or that Defendants met their burden of demonstrating that they acted in "good faith," as required to avoid liquidated damages. *See Galeana v. Lemongrass on Broadway Corp.*, 120 F. Supp. 3d 306, 317 (S.D.N.Y. 2014). Thus, the Court grants Plaintiff's motion to reinstate his minimum-wage claim. *See*

Fed. R. Civ. P. 15(b)(2); *Sherwin-Williams Co. v. JB Collision* Servs., Inc., 186 F. Supp. 3d 1087, 1097 (S.D. Cal. 2016).

The Court now grants judgment as a matter of law on Plaintiff's minimum-wage claim, elaborates on the basis for its judgment as a matter of law on his other claims, and determines Plaintiff's damages. For the reasons stated on the record and set forth below, the Court concludes that Plaintiff is entitled to a final judgment of $788,491.10 plus reasonable attorneys' fees.

## I. Legal Standard

Federal Rule of Civil Procedure 50 provides that after a party has been fully heard on an issue during a jury trial, the court may resolve that issue against that party if the court concludes that a reasonable jury would lack a legally sufficient basis to find for the party on that issue. *See* Fed. R. Civ. P. 50(a). "The same standard that applies to a pre-trial motion for summary judgment pursuant to Fed. R. Civ. P. 56 also applies to motions for judgment as a matter of law during or after trial pursuant to Rule 50." *Piesco v. Koch*, 12 F.3d 332, 341 (2d Cir. 1993). A district court may grant a motion for a judgment as a matter of law if "the evidence is such that, without weighing the credibility of the witnesses or otherwise considering the weight of the evidence, there can be but one conclusion as to the verdict that reasonable [persons] could have reached." *Cruz v. Local Union No. 3, Int'l Bhd. of Elec. Workers*, 34 F.3d 1148, 1154-55 (2d Cir. 1994) (citation and internal quotation marks omitted).

## II. Discussion

### A. Liability

#### 1. Minimum Wage

In 2010, the minimum wage under New York law was $7.25 per hour. *See* NYLL § 652(1) (incorporating federal minimum where higher); *Gamero v. Koodo Sushi Corp.*, No. 15-cv-2697 (KPF), 2017 WL 4326116, at *12 (S.D.N.Y. Sept. 28, 2017). Before January 1, 2011, the NYLL calculated the

regular hourly rate for workers on a weekly salary by dividing the salary by the number of hours worked each week. *See Romero v. Anjdev Enterprises, Inc.*, No. 14 CIV. 457 (AT), 2017 WL 548216, at *10 (S.D.N.Y. Feb. 10, 2017); 12 N.Y.C.R.R. § 137-3.5 (repealed 2011). At trial, the unrebutted testimony was that in 2010 Plaintiff worked 84 hours per week at a rate of $550 per week. (Trial Tr. 24.) Thus, from September 23, 2010 through December 31, 2010, Plaintiff was paid approximately $6.55 per hour, 70 cents below the minimum wage. Accordingly, Defendants are liable for minimum-wage damages under the NYLL.

2. Unpaid Overtime

Both the FLSA and the NYLL require employers to pay a wage premium for overtime work. The requirement under both statutes is identical; once an employee works 40 hours in a week, he must be paid "one and one-half times [his] regular rate" for all excess hours. *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 88 (2d Cir. 2013) (quoting 29 U.S.C. § 207(a)(1)) (FLSA); *Salustio v. 106 Columbia Deli Corp.*, No. 15 Civ. 6857 (GWG), 2017 WL 3736695, at *10 (S.D.N.Y. Aug. 30, 2017) (NYLL).

At trial, Plaintiff testified that he worked for Defendants from 5:00 a.m. to 5:00 p.m. seven days a week from September 2010 to June 2016 (i.e., 84 hours per week), and the same hours six days a week thereafter (i.e., 72 hours per week), but never received overtime. (Trial Tr. 24.) Defendants, for their part, put on virtually no evidence to rebut that testimony. Indeed, the two defense witnesses tended to corroborate, rather than contradict, Plaintiff's allegations. For example, Maximo Pacheco, one of Plaintiff's co-workers, testified that typically, when he arrived at the restaurant at 6:00 a.m., Plaintiff was already there preparing the restaurant to open. (Trial. Tr. 77.) Pacheco further stated that when he finished work at 4:00 p.m., Plaintiff typically stayed at the restaurant longer to clean up. (Trial Tr. 83.) On cross-examination, Pacheco testified that he himself worked 10 hours a day, seven days a week, and that workers at Danny's "are not paid overtime." (*Id.* at 84.) As for the other defense witness, waitress

Dolores Zarantes, she confirmed that Plaintiff was always at the restaurant when she arrived at 7:00 a.m., except "maybe five times" over the course of two years, when Plaintiff came in after her. (*Id.* at 66.) Zarantes did not say what time of day Plaintiff left on those five occasions. Nevertheless, at the close of evidence, Plaintiff agreed to dismiss his overtime claim with respect to those five days, so as to eliminate any potential dispute of fact about overtime. (Trial Tr. 121.) Apart from those five days, the undisputed testimony at trial showed that Plaintiff worked substantially in excess of 40 hours every week and that Defendants failed to pay him an overtime premium. Accordingly, the Court finds Defendants liable for unpaid overtime under the FLSA and the NYLL.

3. Spread-of-Hours Wages

Under the New York Labor Law, employees are entitled to receive one additional hour's pay at the minimum hourly wage rate for any day on which the employee's spread of hours exceeds ten. *See* 12 N.Y.C.R.R. § 146–1.6; *Gamero*, 2017 WL 4326116, at *12.[1] At trial, Defendants did not dispute that they failed to pay Plaintiff spread-of-hours wages. And as discussed above, apart from the five days alluded to by Zarantes, Defendants failed to rebut Plaintiff's testimony that he worked from 5:00 a.m. to 5:00 p.m. – a spread of 12 hours – every workday. Accordingly, the Court finds Defendants liable for spread-of-hours wages for all of Plaintiff's working days other than the five identified by Zarantes.

4. Violation of Annual Notice Requirement

As relevant here, between 2012 and 2015, New York law required employers to provide employees an annual written notice, before February 1 of each year, containing information such as the rates of pay, the regular payday, and the employer's principal business address. *See Kim v. Kum Gang, Inc.*, No. 12 CIV. 6344 MHD, 2015 WL 2222438, at *30 (S.D.N.Y. Mar. 19, 2015); NYLL § 195(1)

[1] Before January 1, 2011, New York employers were not required to pay spread-of-hours wages to employees who were paid above the minimum wage. *Villar* v. *Prana Hosp., Inc.*, No. 14 CIV. 821 (JCF), 2017 WL 1333582, at *4 (S.D.N.Y. Apr. 11, 2017). But since Plaintiff was paid below the minimum wage from September 23, 2010 through December 31, 2011, that change in the law is not relevant here.

(effective April 9, 2011). At trial, Plaintiff testified that he never received any such notices (Trial Tr. 31), and Defendants conceded that they had produced no evidence to the contrary (*id.* at 106-07). Thus, the Court finds that Defendants violated the annual-notice requirement.

5. Violation of Pay Stub Requirement

New York law requires that employers provide employees, with each payment of wages, a pay stub that contains information including rates paid, hours worked, and the employer's phone numbers. *Khereed v. W. 12th St. Rest. Grp. LLC*, No. 15-CV-1363 (PKC), 2016 WL 590233, at *3 (S.D.N.Y. Feb. 11, 2016) (citing NYLL § 195(3)). At trial, Plaintiff testified that he never received any documents with his wages, which were always paid in cash. (Trial Tr. 31.) Defendants again conceded that they had no evidence to rebut that testimony. (Trial Tr. 106-07.) Accordingly, the Court finds that Defendants violated the pay-stub requirement.

B. Damages

As an initial matter, it is well-established that plaintiffs are "not entitled to recover twice" for the same injury under both the FLSA and the NYLL. *Gamero*, 2017 WL 4326116, at *11 (citation and internal quotation marks omitted). Where, as here, a plaintiff is entitled to damages under both federal and state wage law, the Court has discretion to award damages "under the statute providing the greatest amount of relief." *Id.* Here, because the NYLL has a longer statute of limitations and otherwise provides at least as much relief as the FLSA, the Court need only address damages under the NYLL. *See id.*

The undisputed testimony at trial reveals that Plaintiff worked for Defendants from January 2004 to September 16, 2016. (Trial Tr. 24.) Because Plaintiff filed his complaint on September 23, 2016 (Doc. No. 1), and because the statute of limitations under the NYLL is six years, the relevant period for

damages therefore runs from September 23, 2010 to September 16, 2016. *See Gamero*, 2017 WL 4326116, at *11 n.7 (citing NYLL § 663(3)).

1. Minimum Wage

Plaintiff was paid 70 cents below the minimum wage from September 23, 2010 through December 31, 2010, during which time he worked 12 hours per day. (Trial Tr. 24.) Accordingly, the Court calculates his minimum-wage damages as follows:

| **Dates** | **NY Min Wage** | **Difference Between Min Wage and Plaintiff's Rate** | **Hours Worked** | **Damages** |
|---|---|---|---|---|
| 9/23/2010 – 12/31/2011 | $7.25/hr | $0.70 | 1200 | $840 |

2. Unpaid Overtime

Under the NYLL, for each hour an employee works in excess of 40 hours in a given workweek, he must be paid at the rate of 1.5 times his regular hourly rate. *Salustio*, 2017 WL 3736695, at *10; 12 N.Y.C.R.R. § 146-1.4. As discussed above, before January 1, 2011, the NYLL calculated the regular hourly rate by dividing the employee's weekly salary by the number of hours worked each week. *See Romero v. Anjdev Enterprises, Inc.*, No. 14 CIV. 457 (AT), 2017 WL 548216, at *10 (S.D.N.Y. Feb. 10, 2017); N.Y. Comp. Codes R. & Regs. tit. 12, § 137-3.5 (repealed 2011). Since that date, the NYLL has instead calculated the regular rate by dividing the employee's weekly salary by "the lesser of 40 hours or the actual number of hours worked[.]" 12 N.Y.C.R.R. § 146-3.5; *see Quiroz*, 2016 WL 2869780 at *4. Where Plaintiff's regular hourly rate falls below minimum wage, however, the regular rate for purposes of calculating overtime is the relevant minimum wage. *See Montellano-Espana v. Cooking Light Inc.*, No. 14-cv-01433 (SJ) (RLM), 2016 WL 4147143, at *4 (E.D.N.Y. Aug. 4, 2016).

Applying these rules, the Court calculates Plaintiff's overtime damages as follows:

| Dates[2] | Weekly Salary | Regular Rate | OT Rate | OT hrs/wk | # wks | Unpaid OT |
|---|---|---|---|---|---|---|
| 9/23/2010 – 1/1/2011 | $550 | $7.25/hr | $10.88/hr | 44 | 14 | $6,702.08 |
| 1/1/2011 – 12/26/2012 | $550 | $13.75/hr | $20.63/hr | 44 | 104 | $94,402.88 |
| 12/27/2012 – 6/1/2016 | $700 | $17.50/hr | $26.25/hr | 44 | 179 | $206,745 |
| 6/2/2016 – 9/16/2016 | $600 | $15/hr | $22.50/hr | 32 | 15 | $10,800 |
| All | | | | | | $318,649.96 |
| Adjusted for Zarantes testimony[3] | | | | | | $318,124.96 |

3. Spread-of-Hours Wages

As discussed above, Plaintiff is entitled to an hour's pay at the minimum wage for each day his spread of hours exceeded ten. The following table illustrates the Court's calculation of Plaintiff's unpaid spread-of-hours wages:

| Dates | NY Min Wage | # days w/ spread > 10 | Unpaid SOH Wages |
|---|---|---|---|
| 9/23/2010 – 12/30/2013 | $7.25/hr | 1195 | $8,663.75 |
| 12/31/2013 – 12/30/2014 | $8.00/hr | 365 | $2,920 |
| 12/31/2014 – 12/30/2015 | $8.75/hr | 365 | $3,193.75 |
| 12/31/2015 – 9/16/2016 | $9.00/hr | 246 (-5 for Zarantes testimony = 241) | $2,169 |
| All | | | $16,946.50 |

4. Violation of Annual-Notice Requirement

As discussed above, between 2012 and 2014, New York law required employers to provide an annual notice to employees. *See Kim*, 2015 WL 2222438, at *30 (S.D.N.Y. Mar. 19, 2015); NYLL § 195(1) (effective April 9, 2011). Although some courts in this District have awarded damages under that provision, others have held that the provision is a "right without a remedy" – that is, the text of the relevant version of the NYLL appears to have created a private right of action for lack of notice *at the*

---

[2] Plaintiff did not specify when in December 2012 and June 2012 his salary changed. Therefore the Court will assume that the changes occurred on the dates most favorable to Defendants, rounding to the nearest whole week. For example, the Court assumes that Plaintiff's salary increase in December 2012 took effect on December 27, 2012, 118 weeks after the start of the damages period.

[3] As discussed above, Plaintiff voluntarily dismissed his overtime claim as to the five days mentioned by Zarantes, and although she did not specify the relevant dates, the Court will construe the evidence in favor of Defendants and assume that all of the days in question came in the period during which Plaintiff's overtime rate was the highest (i.e., 12/27/2012 – 6/1/2016).

*time of hiring*, but not for failure to provide the *annual* notice. *See Gamero,* 2017 WL 4326116, at *21 n.13 (collecting cases); N.Y. Lab. Law § 198(1) (effective April 9, 2011). Because the Court agrees with Judge Failla's reasoning in *Gamero*, the Court concludes that Plaintiff has no private right of action for recovery on his annual-notice claim.

5. Violation of Pay Stub Requirement

After February 27, 2015, New York law allowed employees to recover statutory damages of $250 dollars "for each work day that the [pay-stub] violations occurred or continue to occur," not to exceed $5,000. *Cabrera v. 1560 Chirp Corp.*, No. 15CV8194 (TPG) (DF), 2017 WL 1289349, at *6 (S.D.N.Y. Mar. 6, 2017) (quoting NYLL § 198(1-d)). As Defendants acknowledged at trial, Plaintiff never received a pay stub. Accordingly, he is entitled to the maximum available award of $5,000. *See id.*

6. Liquidated Damages

Plaintiff is entitled to recover liquidated damages under the NYLL for unpaid wages. *Quiroz v. Luigi's Dolceria, Inc.*, No. 14-cv-871 (VVP), 2016 WL 2869780, at *4 (E.D.N.Y. May 17, 2016) (citing NYLL § 198(1-a)). During the period in which Plaintiff worked at Danny's Athens Restaurant, amendments to the NYLL changed "both the amount of, and the basis for, awards of liquidated damages." *Id.* First, prior to November 24, 2009, an employee could recover liquidated damages only upon proving that the employer's violations of the law were willful. *Id.* After that date, New York law "incorporated the federal standard" and shifted the burden to the employer to prove that it acted in good faith. *Galeana v. Lemongrass on Broadway Corp.*, 120 F. Supp. 3d 306, 317 (S.D.N.Y. 2014). Here, the jury found that Defendants' overtime and spread-of-hours violations were willful, so Defendants' mental state does not bar liquidated damages in either period.

However, prior to April 9, 2011, an employee could recover liquidated damages under the NYLL in the amount of only 25% of unpaid wages. *Gamero*, 2017 WL 4326116, at *15. After that date, New

---

The Court therefore subtracts 20 hours' worth of overtime pay from that period.

York law again incorporated the federal standard and authorized recovery of 100% of unpaid wages. *See id.* Thus, the Court calculates Plaintiff's liquidated damages as follows:

| Dates | Unpaid Min Wage | Unpaid OT | Unpaid SOH Wages | Total Unpaid Wages | Rate of Recovery | Liquidated Damages |
|---|---|---|---|---|---|---|
| 9/23/2010 – 4/8/2011 | $840 | $19,410.16 | $710.50 | $20,960.66 | 25% | $5,240.17 |
| 4/9/2011 – 9/16/2016 | N/A | $298,714.80 | $16,236 | $314,950.80 | 100% | $314,950.80 |
| All | | | | | | $320,190.97 |

7. Pre-judgment Interest

Finally, Plaintiff is entitled to pre-judgment interest on his unpaid wages. The NYLL expressly provides for an award of pre-judgment interest in addition to liquidated damages. *See* N.Y. Lab. Law § 198(1-a) (effective April 9, 2011) ("[T]he court shall allow such employee to recover . . . prejudgment interest . . . and, unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, *an additional amount* as liquidated damages equal to one hundred percent of the total amount of the wages found to be due.") (emphasis added).[4]

Pre-judgment interest is calculated by applying a simple rate of nine percent per year to Plaintiff's unpaid wages. *See Baltierra v. Advantage Pest Control Co.*, No. 14 Civ. 5917 (AJP), 2015 WL 5474093, at *12 (S.D.N.Y. Sept. 18, 2015) (citing CPLR § 5004); *Hengjin Sun*, 2016 WL 1587242, at *5. Where, as here, Plaintiff's "damages were incurred at various times," the interest is calculated "from a 'single reasonable intermediate date.'" *Tackie v. Keff Enters. LLC*, No. 14-cv-2074 (JPO), 2014 WL 4626229, at *6 (S.D.N.Y. Sept. 16, 2014) (quoting CPLR § 5001(b)). Courts applying the NYLL in

---

[4] Before the enactment of that express provision, courts awarded pre-judgment interest under the NYLL, in addition to liquidated damages, on a different rationale – namely, that whereas FLSA liquidated damages were "compensatory" (and therefore duplicative of pre-judgment interest), NYLL liquidated damages were "punitive." Although that rationale was undercut by the 2009 and 2011 amendments to the NYLL, which brought its liquidated-damages provision largely into line with the FLSA, the upshot is that both before and after the amendments, a plaintiff who recovers liquidated damages under the NYLL may also recover pre-judgment interest. *See Hernandez v. Jrpac Inc.*, No. 14-cv-4176 (PAE), 2016 WL 3248493 at

wage-and-hour cases "often choose the midpoint of the plaintiff's employment within the limitations period." *Id.* (collecting cases). Accordingly, the Court will award pre-judgment interest on Plaintiff's unpaid wages in the amount of 9% per year, starting from the midpoint of Plaintiff's employment within the limitations period, through the date of judgment, December 5, 2017.

Because Plaintiff's claims became timely starting on September 23, 2010, and he worked for Defendant until September 16, 2016, the mid-point of his employment within the limitations period is September 20, 2013. Having been awarded a total of $335,911.46 for wages owed under the NYLL, Plaintiff is also owed $127,388.67 in pre-judgment interest.

8. Total Damages

| **NYLL Minimum Wage** | $840 |
|---|---|
| **NYLL Spread-of-Hours** | $16,946.50 |
| **NYLL Overtime** | $318,124.96 |
| **NYLL Pay Stub** | $5,000 |
| **NYLL Liquidated** | $320,190.97 |
| **NYLL Pre-judgment Interest** | $127,388.67 |
| **Total** | $788,491.10 |

C. Attorneys' Fees

Plaintiff is also entitled to recover his costs and "reasonable attorney's fees." NYLL § 663(1); 29 U.S.C.A. § 216(b). Although the Court encourages the parties to reach a mutual agreement on attorneys' fees and costs incurred in this matter, IT IS HEREBY ORDERED THAT Plaintiff shall file a motion for fees and costs, including supporting declarations and exhibits such as time sheets, on or before December 29, 2017, in the event that the parties cannot reach a consensus. Defendants shall file their opposition papers, if any, on or before January 11, 2017.

---

*35 (S.D.N.Y. June 9, 2016).

## III. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT a final judgment shall be entered in favor of the Remaining Plaintiffs in the amount of $788,491.10

IT IS FURTHER ORDERED THAT a 15% penalty will be added with respect to any damages that have not been paid to Plaintiff upon expiration of "ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal therefrom is then pending, whichever is later." NYLL §§ 198(4), 663(4); *see also Hernandez*, 2016 WL 3248493, at *36 (applying NYLL's penalty provisions similarly); *Rosendo v. Everbrighten Inc.*, No. 13-cv-7256 (JGK), 2015 WL 4557147, at* 1 (S.D.N.Y. July 28, 2015) (same).

SO ORDERED.

Dated: December 5, 2017
New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE